IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

KAREN MANERI                 :
                                  :
      Plaintiff              :    **CIVIL ACTION**
                                  :
      v.                    :    **Case No.** _____
                                  :
STARBUCKS CORPORATION    :    **JURY TRIAL DEMANDED**
Store #15627                :
                                  :
      Defendants

To:     Christian Hoey, Esquire
        50 Darby Road
        Paoli, PA  19301

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that on August 28, 2017, Defendant Starbucks Corporation

filed in the office of the Clerk of the United States District Court for the Eastern District of

Pennsylvania the within Notice of Removal.

The Notice of Removal is also being filed with the Court of Common Pleas of

Philadelphia County pursuant to 28 U.S.C. §1446(d).

A Praecipe to Remove the case from the Philadelphia County docket will be filed after

the Federal Court assigns this matter an appropriate civil action number.

                         Respectfully submitted,

                         CIPRIANI & WERNER, P.C.

      By:     _____

                         Salvatore Vilardi, Esquire
                         PA ID# 84718
                         450 Sentry Parkway, Suite 200
                         Blue Bell, PA  19422
                         (610) 567-0700 telephone
                         (610) 567-0712 facsimile
                         *Attorney for Defendant*
                         Starbucks Corporation

Date: August 28 2017

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

KAREN MANERI                       :

                             :

       Plaintiff               :    **CIVIL ACTION**

                             :

       v.                    :    **Case No. _____**

                             :

STARBUCKS CORPORATION     :    **JURY TRIAM DEMANDED**

Store #15627                  :

                             :

       Defendants

## NOTICE OF REMOVAL

Defendant Starbucks Corporation hereby files the within Notice of Removal to the United States District Court for the Eastern District of Pennsylvania, stating as follows:

**Alleged Facts:**

1.      On or about August 9, 2017, Plaintiff filed a Complaint against Starbucks Corporation in the Court of Common Pleas of Philadelphia County, Pennsylvania under docket number 170502333. True and correct copies of Plaintiff's Complaint and the Electronic Docket of the Court of Common Pleas of Philadelphia County are attached hereto and marked as Exhibits "A" and "B," respectively.

2.      This action involves an incident that allegedly occurred as a result of a cup of hot tea purchased by Plaintiff at the Starbucks store located at 851 West Lancaster Avenue in Wayne, Pennsylvania. *See* Exhibit "A," ¶¶7 - 11.

3.      In the Complaint, Plaintiff contends she sustained burn injuries when the lid on her cup of hot tea, "unexpectedly and without notice of warning, popped off" causing the tea to spill onto her right leg. *See* Exhibit "A," ¶11.

4.      Plaintiff is demanding judgment against Defendant Starbucks on theories of negligence, products liability, and breach of warranty for an amount in excess of $50,000.00.  *See* Exhibit "A."

**Diversity of Citizenship:**

5.      Plaintiff, based on information and belief, and as pled in her Complaint, is a citizen of the Commonwealth of Pennsylvania.

6.      Plaintiff alleges in her Complaint that Starbucks Corporation is a "duly registered corporation and registered in the Commonwealth of Pennsylvania as a foreign business corporation . . . ."  *See* Exhibit A, ¶3.

7.      Starbucks Corporation is a Washington corporation with its principal place of business located at 2401 Utah Avenue South, Seattle, WA 98134.

8.      Accordingly, because Plaintiff and Defendant Starbucks Corporation are citizens of different states, complete diversity of citizenship exists between the parties in accordance with 28 U.S.C. § 1332, and 28 U.S.C. § 1441.

**Amount in Controversy:**

9.      In her Complaint, Plaintiff seeks to recover for injuries including, *inter alia,* first and second degree burns to her right calf, blistering and epidermal loss, permanent scarring, and permanent emotional neurological damages.  *See* Exhibit "A," ¶181.

10.      Plaintiff further seeks to recover various sums of money expended, and expected to be expended, for medical and psychological treatment, therapy and counseling.  *See* Exhibit "A," ¶31.

11.     In her Complaint, Plaintiff alleges that she sustained a loss of earnings and earning capacity.  *See* Exhibit "A," ¶31.

12.     Plaintiff's allegations of physical and psychological injury with permanency, make this a claim where a verdict could reach above $75,000.00, the jurisdictional threshold.

13.     The present action is a civil action over which this Court has original jurisdiction by virtue of the diversity of citizenship of the parties pursuant to 28 U.S.C. §1332.

14.     In accordance with §1332, this case involves (a) injuries that, as alleged, will exceed $75,000.00, exclusive of interest and costs; and (b) is between citizens of different states.  28 U.S.C. § 1332(a)(3).

15.     Additionally, in accordance with applicable Federal Rules of Civil Procedure and/or Statutes, namely 28 U.S.C.A. §1446(b), this Notice of Removal was filed within thirty (30) days after Defendant received service of Plaintiff's Complaint.  *See* Johnson v. Vertis, Inc., 2002 WL 31388817 (E.D. Pa.)(citing 28 U.S.C. § 1446(b)).

16.     Accordingly, pursuant to 28 U.S.C. §1332, this is a civil action that may be removed by Defendant, Starbucks Corporation, and over which this Court has original jurisdiction.

**WHEREFORE**, Defendant, Starbucks Corporation, respectfully requests that the aforementioned civil action commenced against it be removed to this Court for all further proceedings.

Respectfully submitted,

CIPRIANI & WERNER, P.C.

By:  _____
     Salvatore Vilardi, Esquire
     PA ID# 84718
     450 Sentry Parkway, Suite 200
     Blue Bell, PA  19422
     (610) 567-0700 telephone
     (610) 567-0712 facsimile
     *Attorney for Defendant*
     *Starbucks Corporation*

Date:   August 28, 2017

## **AFFIDAVIT**

Salvatore Vilardi, Esquire, being sworn according to law deposes and says that he is counsel for Petitioner Starbucks Corporation n the within matter; and that he has read the foregoing Notice for Removal and believes it to be true and correct, to the best of his knowledge, information and belief.

Respectfully submitted,

CIPRIANI & WERNER, P.C.

By: 

Salvatore Vilardi, Esquire
PA ID# 84718
450 Sentry Parkway, Suite 200
Blue Bell, PA  19422
(610) 567-0700 telephone
(610) 567-0712 facsimile
*Attorney for Defendant*
*Starbucks Corporation*

Date: August 28, 2017

## CERTIFICATE OF SERVICE

That counsel for the Defendant, Starbucks Corporation hereby certifies that a true and correct copy of its *Notice of Removal* has been served on all counsel of record, by electronic and/or first class mail, postage pre-paid, according to the Pennsylvania Rules of Civil Procedure.

Christian J. Hoey, Esquire
Christian Hoey, Esquire, LLC
50 Darby Road
Paoli, PA  19301-1416

Respectfully submitted,

CIPRIANI & WERNER, P.C.

By: _____
Salvatore Vilardi, Esquire
PA ID# 84718
450 Sentry Parkway, Suite 200
Blue Bell, PA  19422
(610) 567-0700 telephone
(610) 567-0712 facsimile
*Attorney for Defendant*
*Starbucks Corporation*

Date: August 28, 2017

# EXHIBIT "A"

CHRISTIAN HOEY, ESQUIRE, LLC
Christian J. Hoey, Esquire
Attorney I.D. 70999
50 Darby Road
Paoli, PA 19301
610-647-5151

Attorney for Plaintiff

| | |
|---|---|
| KAREN MANERI | : COURT OF COMMON PLEAS |
| 416 School House Lane | : |
| Strafford, PA 19087 | : PHILADELPHIA COUNTY, |
| PLAINTIFF | : PENNSYLVANIA |
| | : |
| VS. | : CIVIL ACTION - LAW |
| | : |
| STARBUCKS CORPORATION | : MAY TERM, 2017 |
| Store #15627 | : |
| 851 West Lancaster Avenue | : NO. 02333 |
| Wayne, PA 19333, | : |
| DEFENDANT | : JURY TRIAL DEMANDED |

## COMPLAINT

1.  Plaintiff, Karen Maneri (hereinafter "Plaintiff") is an adult individual and resident of the

    Commonwealth of Pennsylvania residing at 416 School House Lane, Strafford, Pennsylvania

    19087.

2.  Defendant, Starbucks Corporation (hereinafter "Starbucks") is a corporation organized and

    existing under and by virtue of the laws of the Commonwealth of Pennsylvania with offices

    located at 851 West Lancaster Avenue, Wayne, PA 19333.

3.  Defendant, Starbucks is a duly registered corporation and registered in the Commonwealth

    of Pennsylvania as a foreign business corporation, conducting and sustaining business on a

    regular basis within Philadelphia County and surrounding counties in the Commonwealth

    of Pennsylvania including retail stores at the following Philadelphia County locations, among

1

others:

    a.       2301 Walnut Street, Philadelphia, Pennsylvania;

    b.       1945 Callowhill Street, Philadelphia, Pennsylvania;

    c.       1528 Walnut Street, Philadelphia, Pennsylvania;

    d.       1201 Market Street, Philadelphia, Pennsylvania;

    e.       1301 Chestnut Street, Philadelphia, Pennsylvania;

    f.       1801 Spruce Street, Philadelphia, Pennsylvania;

    g.       1801 Market Street, Philadelphia, Pennsylvania;

    h.       200 South Broad Street, Philadelphia, Pennsylvania; and

    I.       254 South 15th Street, Philadelphia, Pennsylvania.

4.     At all times material hereto, the Defendant employed as its real and/or ostensible agents, servants, employees and workmen, who participated in and rendered services to Plaintiff, to wit: taking her order; filling her order; packaging her order and distributing her order to her. Consequently, this corporate Defendant is liable vicariously for any and all liability imposing acts and/or omissions committed by any of its real and/or ostensible agents, servants, and/or employees in their packaging and distributing Plaintiff's drink by virtue of the laws of agency of the Commonwealth of Pennsylvania.

5.     Within the body of this Complaint, Plaintiff will more specifically identify the conduct which Plaintiff avers to be at issue with respect to real and/or ostensible agents, servants and/or employees of this Defendant.

6.     At all times material hereto, the Defendant owed Plaintiff a non-delegable duty of care to provide an otherwise non-defective product, a non-defective cup, a non-defective lid, to advise Plaintiff of the unreasonably dangerous condition regarding the hot-cupped beverage

Case ID: 170502333

described herein, provide Plaintiff a product that carried with it no unreasonable risk of injury and to warn Plaintiff of the unreasonably dangerous condition of the hot-cupped beverage described herein.

7.   On or about January 8, 2017, Plaintiff drove her car through the drive-thru lane at the Starbucks location at Store #15627, 851 West Lancaster Avenue, Devon, PA 19333.

8.   Upon approaching the drive-thru order window, Plaintiff ordered a Venti hot tea for herself.

9.   At all times hereto, an employee, agent, ostensible agent and/or workman of Starbucks filled, capped and handed Plaintiff a cup of hot tea through the service window of the drive-thru.

10.   Plaintiff grasped the cup, brought it into her car and placed it in the beverage holder in the center console and pulled through the drive-thru lane.

11.   Plaintiff drove home from the Devon, Pennsylvania Starbucks location, approximately four (4) minutes away.   As Plaintiff entered her driveway, the lid on her cup of hot tea, unexpectedly and without notice of warning, popped off and the contents of her hot drink spilled onto the calf of her right leg, causing her to suffer injuries described more specifically herein.

12.   As set forth in this Complaint, the Defendant failed to fulfill its legal duty to provide Plaintiff a container that was reasonable safe and able to adequately and safely maintain its contents without spilling, exploding or emptying, unexpectedly and without warning upon Plaintiff.

13.   The Defendant had a duty to take reasonable steps to ensure that its containers were safe and could reasonable, safely and adequately maintain the contents of said drink.

14.   The Defendant had a duty to take reasonable steps to ensure that the contents of its hot drinks were maintained at a temperature that would not cause injury/serious bodily injury to Plaintiff.

3

15. As set forth in this Complaint, the Defendant failed to fulfill its legal duty to ensure that its containers were safe and adequate in their composition to prevent spilling.

16. As set forth in this Complaint, the Defendant failed to fulfill its legal duty to ensure that the contents of its hot drinks were not raised to a temperature that would cause injury/serious bodily injury.

17. As a result of the Defendant's negligence and careless acts and omissions Plaintiff was severely burned by the contents of the hot drink which was purchased from the Defendant and its agents, servants and ostensible agents on January 8, 2017.

18. The unreasonably dangerous condition of the hot beverage described herein, coupled with the Defendant's failure to properly secure the lid on Plaintiff's cup along with the defective nature of the lid and cup combination caused Plaintiff to sustain the following injuries:

    a.    Second degree burns to her right calf;

    b.    First degree burns to her right calf;

    c.    Blistering and epidermal loss;

    d.    Pain and suffering;

    e.    Permanent scarring;

    f.    Situational anxiety and mental distress;

    g.    Permanent disfigurement; and

    h.    Permanent emotional and neurological damages.

## COUNT I - VICARIOUS LIABILITY
## KAREN MANERI vs. STARBUCKS CORPORATION

19. Plaintiff incorporates the averments of the preceding paragraphs as if each were set forth herein at length.

20. At all times material hereto, the Defendant employed various agents, servants, ostensible agents and workmen to take orders, fill orders and provide hot drinks to customers such as

4

Case ID: 170502333

Plaintiff.

21. On or about January 8, 2017, the Defendant's employees, agents, ostensible agents and workmen took Plaintiff's order, filled Plaintiff's order and provided Plaintiff at hot drink which was raised to a dangerously high temperature which was known by this Defendant and its agents to cause serious bodily injury.

22. Because the Starbucks employees, agents, servants and ostensible agents were acting within the course and scope of their employment with the Defendant at the time they caused the subject incident, pursuant to the doctrine of *respondeat Superior* Defendant, Starbucks is vicariously liable to Plaintiff for the negligence, and carelessness of its employees which resulted in Plaintiff sustaining serious bodily injury and other damages that were proximately and foreseeable caused by the employees' negligence.

23. As a result of the above-described conduct, Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation and loss of enjoyment of life; was prevented and will continue to be prevented from performing her daily activities and obtaining the full enjoyment of life; has sustained and will continue to sustain loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

WHEREFORE, Plaintiff demands against the Defendant, compensatory damages in an amount in excess of $50,000.00, together with interest and damages for pre-judgment and post-judgment delay.

## COUNT II -NEGLIGENCE
## KAREN MANERI vs. STARBUCKS CORPORATION

24. Plaintiff incorporates the averments of the preceding paragraphs as if each were set forth herein at length.

Case ID: 170502333

25.     Defendant, Starbucks Corporation by and through its agents, servants, and employees knew or reasonably should have known that the contents of its hot drinks were inherently dangerous and had the propensity to cause serious bodily injury.

26.     It was foreseeable that hot drinks served by the Defendants were not adequately cooled and were raised to a temperature which created the substantial risk of serious bodily injury.

27.     The Defendant knew and/or should have known that the contents of its hot drinks were inherently dangerous and likely to cause serious burns and serious bodily injury.

28.     The Defendant owed to the public in general, and to Plaintiff in particular, a duty to serve reasonably cooled drink contents so as to avoid serious burns and serious bodily injury.

29.     The Defendant owed to the public in general, and to the Plaintiff in particular, a duty to utilize containers which adequately and safely maintain the contents of its hot drink without spilling or causing a dangerous condition to Plaintiff.

30.     In causing the aforesaid incident, the Starbucks employees, agents, ostensible agents and workmen involved in preparing, placing in a container and serving Plaintiff as alleged were negligent in one or more of the following particulars:

    a.     By failing to properly secure the lid on the cup provided to Plaintiff;

    b.     Serving hot drink contents which were dangerously overheated;

    c.     By failing to warn Plaintiff of the risk of severe burns associated with the contents of her hot drink;

    d.     Failing to verify that the lid on Plaintiff's cup was properly secured before handing the drink to Plaintiff;

    e.     Preparing hot drinks to a temperature level which was inherently dangerous to Plaintiff;

    f.     Utilizing a cup and lid combination which was defective;

    g.     Utilizing a cup and lid combination which was inadequate to safely maintain the

Case ID: 170502333

contents of its hot drink;

h.   Served Plaintiff a hot drink which was raised to a dangerously high temperature;

i.    Served a hot drink which was likely to cause serious burns; and

j.    Failed to adequately place and secure the lid on Plaintiff's drink so as to prevent spilling and serious burns.

31.   As a result of the above-described conduct, Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation and loss of enjoyment of life; was prevented and will continue to be prevented from performing her daily activities and obtaining the full enjoyment of life; has sustained and will continue to sustain loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling

WHEREFORE, Plaintiff demands against the Defendant, compensatory damages in an amount in excess of $50,000.00, together with interest and damages for pre-judgment and post-judgment delay.

## COUNT III - PRODUCT LIABILITY
## KAREN MANERI vs. STARBUCKS CORPORATION

32.   Plaintiff incorporates the averments of the preceding paragraphs as if each were set forth herein at length.

33.   At all times material hereto, the Defendant was in the business of selling hot beverages in disposable cups, which cups were constructed from paper, lined with polyethylene, and fitted with polystirene lids (hereinafter: "hot cupped beverage"). The Defendants sold Plaintiff a hot cupped beverage, and the hot cupped beverage described herein reached Plaintiff without a substantial change in its condition.

34.   Upon reaching Plaintiff, the hot cupped beverage described herein was used by her in a reasonably foreseeable manner.

35.    At all times relevant herein, the hot cupped beverage described herein was dangerous to an extent beyond that which would be contemplated by an ordinary consumer, to wit: the hot cupped beverage was delivered to Plaintiff at a temperature far too hot for a person to drink, and readily capable of causing severe burns requiring hospitalization and/or medical treatment.

36.    The hot cupped beverage described herein was defective in its design and/or manufacture, to wit: the lid of the container delivered to Plaintiff failed to stay affixed thereto when under foreseeable and normal use, causing the container to suffer structural failure and spill its contents onto Plaintiff.

37.    To the extent that warnings or instructions were issued by Defendant to Plaintiff in regards to the unreasonably dangerous condition of the hot cupped beverage described herein, said warnings or instructions were inadequate.  The aforementioned defect in the polystirene lid was the proximate cause of Plaintiff's severe burns and permanent injury.

38.    The defect in the polystirene lid affixed to the Defendant's cup existed at the time the Defendant served the hot cupped beverage to Plaintiff.

39.    As a result of the above-described conduct, Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation and loss of enjoyment of life; was prevented and will continue to be prevented from performing her daily activities and obtaining the full enjoyment of life; has sustained and will continue to sustain loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling

WHEREFORE, Plaintiff demands against the Defendant, compensatory damages in an amount in excess of $50,000.00, together with interest and damages for pre-judgment and post-judgment delay.

Case ID: 170502333

## COUNT IV - BREACH OF WARRANTY - MERCHANTABILITY
## KAREN MANERI vs. STARBUCKS CORPORATION

40.   Plaintiff incorporates the averments of the preceding paragraphs as if each were set forth herein at length.

41.   At all times material hereto, the Defendant was a merchant under Pennsylvania Law, with respect to the preparation and retain sales of hot beverages.

42.   The Defendant sold a hot beverage to Plaintiff.

43.   The hot beverage and container that the Defendant's sold and provided to Plaintiff was not of merchantable quality, because the hot beverage was not provided in an adequate container, to wit: the lid of the provided container failed to stay affixed thereto under foreseeable, reasonable and normal use, causing the container to suffer structural failure and spill its contents onto Plaintiff.

44.   Plaintiff immediately notified the Defendant of its breach of warranty.

45.   Plaintiff sustained damages resulting from the Defendant's breach of warranty.

46.   As a result of the above-described conduct, Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation and loss of enjoyment of life; was prevented and will continue to be prevented from performing her daily activities and obtaining the full enjoyment of life; has sustained and will continue to sustain loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling

WHEREFORE, Plaintiff demands against the Defendant, compensatory damages in an amount in excess of $50,000.00, together with interest and damages for pre-judgment and post-judgment delay.

Case ID: 170502333

## COUNT V - BREACH OF WARRANTY -
## FITNESS FOR THE PARTICULAR PURPOSE
## KAREN MANERI vs. STARBUCKS CORPORATION

47.   Plaintiff incorporates the averments of the preceding paragraphs as if each were set forth
      herein at length.

48.   Defendant sold Plaintiff a hot cupped beverage.

49.   At all time material hereto, the Defendant has reason to know that the hot cupped beverage
      it sold to Plaintiff was purchased for particular purposes, including, but not limited: grasping,
      handling, transporting in Plaintiff's car and consumption in Plaintiff's car and home.

50.   At all times relevant hereto, Plaintiff relied upon the Defendant's skill or judgment to furnish
      suitable goods with reference to the described hot cupped beverage.

51.   Defendant impliedly warranted to Plaintiff that the hot cupped beverage would be suitable
      for grasping, handling, consuming in a motor vehicle and/or transporting in Plaintiff's motor
      vehicle.

52.   The hot cupped beverage was not, in fact, suitable for grasping, handling, consuming in a
      motor vehicle and/or transporting in Plaintiff's motor vehicle and the following respects: the
      contents of the hot cupped beverage were unreasonably and dangerously hot, being too hot
      for a person to drink and readily capable of causing severe burns requiring hospitalization;
      and the lid of the container used in preparing the hot cupped beverage failed to stay affixed
      thereto when unforeseeable, reasonable and normal use, causing the container to suffer
      structural failure and spill its contents upon Plaintiff.

53.   Plaintiff immediately notified the Defendant of its breach of warranty.

54.   Plaintiff suffered damages as a result of the Defendant's breach of warranty.

55.   As a result of the above-described conduct, Plaintiff has suffered and continues to suffer
      great pain of mind and body, shock, emotional distress, physical manifestations of emotional
      distress, embarrassment, loss of self-esteem, disgrace, humiliation and loss of enjoyment of

Case ID: 170502333

life; was prevented and will continue to be prevented from performing her daily activities and obtaining the full enjoyment of life; has sustained and will continue to sustain loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling

WHEREFORE, Plaintiff demands against the Defendant, compensatory damages in an amount in excess of $50,000.00, together with interest and damages for pre-judgment and post-judgment delay.

Date: 8-9-17

_____
CHRISTIAN J. HOEY, ESQUIRE
Attorney for Plaintiff,
Karen Maneri

Case ID: 170502333

## VERIFICATION

I, Karen Maneri, hereby verify that the statement made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.  I understand that false statements are made subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authorities.

Date:   **07/30/17**                                     _____
                                                                                    Karen Maneri

# EXHIBIT "B"

# Docket Report

## Case Description

| | |
|---|---|
| **Case ID:** | 170502333 |
| **Case Caption:** | MANERI VS STARBUCKS CORPORATION ETAL |
| **Filing Date:** | Monday , May 15th, 2017 |
| **Location:** | CH - City Hall |
| **Case Type:** | 2O - PERSONAL INJURY - OTHER |
| **Status:** | CLLCM - LISTED FOR CASE MGMT CONF |

## Related Cases

*No related cases were found.*

## Case Event Schedule

| Event | Date/Time | Room | Location | Judge |
|---|---|---|---|---|
| CASE MANAGEMENT CONFERENCE | 14-SEP-2017 02:00 PM | City Hall | Case Management Center, Rm 613 | *unassigned* |

## Case Motions

*No case motions were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | ID | Name |
|---|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | A70999 | HOEY, CHRISTIAN J |
| **Address:** | 50 DARBY ROAD PAOLI PA 19301 (610)647-5151 (610)993-8472 - FAX | | **Aliases:** | *none* | |
| | | | | | |
| 2 | 1 | | PLAINTIFF | @9439367 | MANERI, KAREN |
| **Address:** | 416 SCHOOL HOUSE LANE STRAFFORD PA 19087 | | **Aliases:** | *none* | |
| | | | | | |

| 3 | 6 | | DEFENDANT | @9439368 | STARBUCKS CORPORATION |
| **Address:** | P.O. BOX 34442 SEATTLE WA 98124-1442 | | **Aliases:** | | STARBUCKS STARBUCKS COFFEE COMPANY STARBUCKS COFFEE |
| | | | | | |
| 4 | | 12-JUL-2017 | DEFENDANT | @9439369 | STARBUCKS COFFEE COMPANY STORE NUMBER 15627 |
| **Address:** | 851 WEST LANCASTER AVENUE WAYNE PA 19333 | | **Aliases:** | | *none* |
| | | | | | |
| 5 | | | TEAM LEADER | J357 | NEW, ARNOLD L |
| **Address:** | 606 CITY HALL PHILADELPHIA PA 19107 (215)686-7260 | | **Aliases:** | | *none* |
| | | | | | |
| 6 | | | ATTORNEY FOR DEFENDANT | A84718 | VILARDI, SALVATORE |
| **Address:** | CIPRIANI & WERNER 450 SENTRY PARKWAY SUITE 200 BLUE BELL PA 19422 (610)567-0700 (610)567-0712 - FAX | | **Aliases:** | | *none* |

## Docket Entries

| | | | | ☐ **Check for Threaded Docket** This feature will reduce the docket to motion related entries only. |
|---|---|---|---|---|
| **Filing Date/Time** | **Docket Type** | **Filing Party** | **Disposition Amount** | **Approval/ Entry Date** |
| 15-MAY-2017 04:25 PM | ACTIV - ACTIVE CASE | | | 15-MAY-2017 04:27 PM |
| | E-Filing Number: 1705035517 | | | |

| | Docket Entry: | | | | |
|---|---|---|---|---|---|

| 15-MAY-2017 04:25 PM | CIVIJ - COMMENCEMENT CIVIL ACTION JURY | HOEY, CHRISTIAN J | | | 15-MAY-2017 04:27 PM |
|---|---|---|---|---|---|
| **Documents:** | Final Cover | | | | |
| **Docket Entry:** | *none.* | | | | |

| 15-MAY-2017 04:25 PM | WRSUM - PRAE TO ISSUE WRIT OF SUMMONS | HOEY, CHRISTIAN J | | | 15-MAY-2017 04:27 PM |
|---|---|---|---|---|---|
| **Documents:** | EOA.pdf PRAECIPE WRIT SUMMONS.pdf | | | | |
| **Docket Entry:** | PRAECIPE TO ISSUE WRIT OF SUMMONS FILED. WRIT OF SUMMONS ISSUED. | | | | |

| 15-MAY-2017 04:25 PM | SSCG2 - SHERIFF'S SURCHARGE 2 DEFTS | HOEY, CHRISTIAN J | | | 15-MAY-2017 04:27 PM |
|---|---|---|---|---|---|
| **Docket Entry:** | *none.* | | | | |

| 15-MAY-2017 04:25 PM | JURYT - JURY TRIAL PERFECTED | HOEY, CHRISTIAN J | | | 15-MAY-2017 04:27 PM |
|---|---|---|---|---|---|
| **Docket Entry:** | 12 JURORS REQUESTED. | | | | |

| 15-MAY-2017 04:25 PM | CLWCM - WAITING TO LIST CASE MGMT CONF | HOEY, CHRISTIAN J | | | 15-MAY-2017 04:27 PM |
|---|---|---|---|---|---|
| **Docket Entry:** | *none.* | | | | |

| 02-JUN-2017 09:24 AM | AFDVT - AFFIDAVIT OF SERVICE FILED | | | | 02-JUN-2017 10:44 AM |
|---|---|---|---|---|---|
| **Documents:** | Affidavit of Service | | | | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S WRIT OF SUMMONS UPON STARBUCKS CORPORATION BY CERTIFIED MAIL, FIRST CLASS REGULAR MAIL ON 05/25/2017 FILED. | | | | |

| 02-JUN-2017 09:26 AM | AFDVT - AFFIDAVIT OF SERVICE FILED | | | 02-JUN-2017 10:45 AM |
|---|---|---|---|---|
| **Documents:** | Affidavit of Service | | | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S WRIT OF SUMMONS UPON STARBUCKS CORPORATION BY CERTIFIED MAIL, FIRST CLASS REGULAR MAIL ON 05/25/2017 FILED. | | | |
| | | | | |
| 14-JUN-2017 02:44 PM | AFDVT - AFFIDAVIT OF SERVICE FILED | | | 14-JUN-2017 03:16 PM |
| **Documents:** | doc04438520170614145550.pdf | | | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S WRIT OF SUMMONS UPON STARBUCKS COFFEE COMPANY STORE NUMBER 15627 BY PERSONAL SERVICE ON 05/30/2017 FILED. | | | |
| | | | | |
| 28-JUN-2017 10:17 AM | ENAPP - ENTRY OF APPEARANCE | VILARDI, SALVATORE | | 28-JUN-2017 10:47 AM |
| **Documents:** | Maneri - EOA.pdf | | | |
| **Docket Entry:** | ENTRY OF APPEARANCE OF SALVATORE VILARDI FILED. (FILED ON BEHALF OF STARBUCKS CORPORATION) | | | |
| | | | | |
| 28-JUN-2017 10:17 AM | JURYT - JURY TRIAL PERFECTED | VILARDI, SALVATORE | | 28-JUN-2017 10:47 AM |
| **Docket Entry:** | 12 JURORS REQUESTED. | | | |
| | | | | |
| 12-JUL-2017 04:18 PM | STPLT - STIPULATION FILED | VILARDI, SALVATORE | | 12-JUL-2017 04:25 PM |
| **Documents:** | Maneri - Stipulation.pdf | | | |
| **Docket Entry:** | STIPULATION TO PLAINTIFF'S COMPLAINT FILED. (FILED ON BEHALF OF STARBUCKS CORPORATION) | | | |
| | | | | |
| 09-AUG-2017 01:31 PM | CLLCM - LISTED FOR CASE MGMT CONF | | | 09-AUG-2017 01:31 PM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 09-AUG-2017 03:46 PM | CMPLT - COMPLAINT FILED NOTICE GIVEN | HOEY, CHRISTIAN J | | 09-AUG-2017 04:23 PM |
| **Documents:** | | | | |

|  | Notice to Defend.pdf Complaint.pdf |  |  |  |
|---|---|---|---|---|
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. (FILED ON BEHALF OF KAREN MANERI) | | | |
|  | | | | |
| 11-AUG-2017 12:30 AM | CLNGV - NOTICE GIVEN |  |  | 11-AUG-2017 12:30 AM |
| **Docket Entry:** | none. | | | |
|  | | | | |
| 18-AUG-2017 10:17 AM | CLCPG - CONTINUANCE BY PLF GRANTED |  |  | 18-AUG-2017 10:17 AM |
| **Docket Entry:** | none. | | | |
|  | | | | |
| 18-AUG-2017 10:18 AM | CLLCM - LISTED FOR CASE MGMT CONF |  |  | 18-AUG-2017 10:18 AM |
| **Docket Entry:** | none. | | | |
|  | | | | |
| 22-AUG-2017 12:30 AM | CLNGV - NOTICE GIVEN |  |  | 22-AUG-2017 12:30 AM |
| **Docket Entry:** | none. | | | |