# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREN MANERI | : |
| Plaintiff | : CIVIL ACTION |
| v. | : Case No. 2:17-cv-03881 |
| STARBUCKS CORPORATION | : **JURY TRIAL DEMANDED** |
| Defendant | : |

## ORDER

**AND NOW**, this _____ day of _____, 2017, upon consideration of Plaintiff Karen Maneri's Motion to Remand to State Court, and the Response of Defendant Starbucks Corporation, it is hereby **ORDERED** and **DECREED** that the Motion is **DENIED**.

**BY THE COURT**

_____
J.

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREN MANERI | : |
| Plaintiff | : CIVIL ACTION |
| v. | : Case No. 2:17-cv-03881 |
| STARBUCKS CORPORATION | : **JURY TRIAL DEMANDED** |
| Defendant | : |

**RESPONSE OF DEFENDANT STARBUCKS CORPORATION
TO PLAINTIFF'S MOTION TO REMAND TO STATE COURT**

Defendant Starbucks Corporation, by and through its counsel, Cipriani & Werner, P.C., and Salvatore Vilardi, Esquire, hereby files the following Response to Plaintiff's Motion to Remand to State Court:

1. Admitted. It is admitted that Plaintiff filed the Writ of Summons on May 15, 2017, according to the electronic docket from the Court of Common Pleas of Philadelphia County, Pennsylvania.

2. Admitted. It is admitted the electronic docket indicates that service was allegedly effected on Answering' Defendant's corporate office in Washington on June 5, 2017.

3. Admitted. It is admitted that the electronic docket indicates that service was effected at a Starbucks store on June 14, 2017.

4. Admitted. It is admitted that the electronic docket indicates Plaintiff filed her Civil Action Complaint in state court on August 9, 2017.

5. Admitted. It is admitted that Answering Defendant filed the Notice of Removal on August 29, 2017.

6. Admitted. It is admitted that Defendant Starbucks Corporation filed the Notice of Removal on the basis of diversity jurisdiction.

2

7.  Denied. 42 Pa.C.S.A. §5301 is a statute which speaks for itself. By way of further response, the statute cited is irrelevant for purposes of federal court jurisdiction.

8.  Admitted in part. Denied in part. It is admitted that Answering Defendant is registered as required by Pennsylvania law. It is denied that its registration defeats diversity jurisdiction. Moreover, it's registration is irrelevant to the issue of whether this Honorable Court has diversity jurisdiction.

9.  Admitted in part. Denied in part. It is admitted that Answering Defendant operates several store locations in the Commonwealth of Pennsylvania. The fact that it does so does not defeat or impact federal court diversity jurisdiction.

10. Admitted in part. Denied in part. It is admitted that Answering Defendant is registered to conduct business in the Commonwealth of Pennsylvania. It is admitted that Answering Defendant operates stores in the Commonwealth of Pennsylvania. It is denied that either is relevant to the issue of whether this Court has diversity jurisdiction or the propriety of removal.

11. Admitted in part. Denied in part. It is admitted that Answering Defendant is a Washington corporation, that it registered to conduct business in the Commonwealth of Pennsylvania, and that it operates stores in Pennsylvania. The question of whether state court has jurisdiction over Starbucks Corporation generally, or in this litigation, is irrelevant to federal court diversity jurisdiction.

12. Denied. 28 U.S.C. § 1446(b) speaks for itself.

13. Denied. 28 U.S.C. § 1446(b) speaks for itself.

14. Denied. It is denied that the removal from state court to the United States District Court for the Eastern District of Pennsylvania was procedurally defective. To the contrary,

removal within thirty days of the filing of the Complaint is proper. Plaintiff's Motion incorrectly asserts that the thirty day period in which to remove a matter from state court to federal court begins when the Writ of Summons is served. That is patently incorrect. The removal statute cited by Plaintiff indicates that the thirty day period for removal begins upon service of a pleading. See 28 U.S.C. §1446. A writ of summons is not a pleading under Pennsylvania law. Rule 1017 of the Pennsylvania Rules of Civil Procedure defines a "pleading" as "a complaint and an answer thereto." Moreover, this issue has been addressed in multiple prior cases, and the law is rather clear. In Century Indemnity Company v. URS Corporation, (E.D.Pa. July 23, 2008), Judge R. Barclay Surrick of the United States District Court for the Eastern District of Pennsylvania, stated the following:

> Under the Pennsylvania Rules of Civil Procedure, a plaintiff may initiate an action either by filing a complaint, or by filing a praecipe for a writ of summons. Pa. R. Civ. P. 1007. The Rules further provide that a writ of summons need only contain the names of the plaintiffs and defendants, the date of the writ, the county in which it was issued, and notice that an action has been commenced. Pa. R. Civ. P. 1351. Because it is possible for a plaintiff to commence an action in Pennsylvania without filing a formal complaint, federal courts in this jurisdiction have frequently had to address when a civil action in Pennsylvania courts may be properly removed to federal court. In Sikirica v. Nationwide Ins. Co., 416 F.3d 214 (3d Cir. 2005), the **Third Circuit held that a writ of summons was insufficient to support removal**, and that only the filing and serving of a complaint was sufficient to meet Section 1446(b)'s definition of an "initial pleading." Id. at 222-223. Following Sikirica, courts in this district have addressed several cases involving the proper timing of removal from Pennsylvania courts. See Polanco v. Coneqtec Universal, 474 F. Supp. 2d 735, 737 (E.D. Pa. 2007) **(thirty day removal period triggered by filing of complaint, not writ of summons)**; Lane v. CBS Broadcasting Inc., Civ. A. No. 08-0777, 2008 WL 910000 at *2-7 (E.D. Pa. Apr. 2, 2008) **(a praecipe for writ of summons served along with a detailed notice of discovery is not an initial pleading)**; Campbell v. Oxford Electronics,Inc., Civ. A. No. 07-0541, 2007 WL 2011484 at *1-2 (E.D.Pa. Jul. 5, 2007) **(civil cover sheet accompanying writ of summons not an initial**

4

> complaint); Quigley Corp. v. Wachovia Ins. Services, Inc., Civ. A. No. 07-1343, 2007 WL 2031780 at *2-3 (E.D. Pa. Jul. 6, 2007) **(unfiled draft complaint proffered during settlement negotiations is not initial pleading)**.

Id. at 3-4. (Emphasis added). There is no question that the thirty day period for filing the Notice of Removal begins when the Complaint is served on a defendant. In this instance, the Complaint was filed on August 9, 2017 and the Notice of Removal was filed twenty days later on August 29, 2017.

15.    Admitted in part. Denied in part. It is admitted that Answering Defendant elected to have this matter listed as an Arbitration matter in the initial removal forms. It is denied that this election was improper. No explanation has been provided in the corresponding paragraph as to why the election was improper.

16.    Admitted. It is admitted that Plaintiff filed a certification.

17.    Denied. Answering Defendant was not involved in the communication between Plaintiff's counsel and the Court and thus, cannot comment regarding the nature of that discussion. By way of further response, Plaintiff has not indicated why Defendant's Arbitration election is improper.

18.    Denied. There is no basis for remand to state court. Moreover, Plaintiff has not provided the Court any basis as to why the case should be transferred from the Arbitration program to the Trial program.

**WHEREFORE**, Answering Defendant demands that Plaintiff's Motion to Remand be denied.

Respectfully submitted,

CIPRIANI & WERNER, P.C.

By: /s/Salvatore Vilardi
Salvatore Vilardi, Esquire
PA ID# 84718
450 Sentry Parkway, Suite 200
Blue Bell, PA 19422
(610) 567-0700 telephone
(610) 567-0712 facsimile
*Attorney for Defendant*
*Starbucks Corporation*

Date: November 9, 2017

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREN MANERI | : |
| Plaintiff | : CIVIL ACTION |
| v. | : Case No. 2:17-cv-03881 |
| STARBUCKS CORPORATION | : **JURY TRIAL DEMANDED** |
| Defendant | : |

**MEMORANDUM OF LAW IN SUPPORT OF THE RESPONSE OF
DEFENDANT STARBUCKS CORPORATION TO
PLAINTIFF'S MOTION TO REMAND TO STATE COURT**

Defendant Starbucks Corporation, by and through its counsel, Cipriani & Werner, P.C., and Salvatore Vilardi, Esquire, files the within Response to Plaintiff's Motion to Remand to State Court:

**I.   FACTUAL BACKGROUND**

Plaintiff Karen Maneri initiated suit by way of Writ of Summons filed with the Court of Common Pleas of Philadelphia County, Pennsylvania, on May 15, 2017. The Writ, according to the docket, was served upon Answering Defendant's corporate office in Washington on June 2, 2017, and at a store location in Pennsylvania on June 14, 2017. Plaintiff filed her Complaint on August 9, 2017. Answering Defendant filed its Notice of Removal on August 29, 2017, twenty days after the Complaint was filed.

Plaintiff alleges that the removal to the United States District Court for the Eastern District of Pennsylvania was untimely. It appears from Plaintiff's Motion that Plaintiff believes that the thirty day window for removal to federal court commences on the date that the Writ of Summons is filed or served. To the contrary, and as discussed further below, the thirty day period during which removal is permissible begins when the Complaint is filed. In this matter,

there is no dispute that the Notice of Removal was filed within twenty days of the filing of the Complaint. As such, removal was timely.

Plaintiff argues that state court has jurisdiction, but that has no bearing on whether this Honorable Court has jurisdiction as well. Plaintiff fails to identify any basis as to why this Court lacks jurisdiction other than the claim that removal is untimely (which is disputed, as discussed below).

Plaintiff also takes umbrage with Defendant's election of Arbitration for this matter. Plaintiff, though, has not provided this Honorable Court any basis as to why the Arbitration election was inappropriate.

For all of the reasons in this Memorandum, and the Response, Answering Defendant believes Plaintiff's Motion to Remand should be denied.

## II. LEGAL ARGUMENT

### A. Diversity Jurisdiction Exists

Answering Defendant removed this matter to the United States District Court for the Eastern District of Pennsylvania based upon diversity jurisdiction. 28 U.S.C. §1332 provides:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> (1) citizens of different States . . .

With respect to corporations, 28 U.S.C. § 1332 provides:

> (c) For the purposes of this section and section 1441 of this title—
>
> (1) a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . .

8

Defendant Starbucks Corporation is a citizen of the state of Washington as indicated in its Answer with Affirmative Defenses to Plaintiff's Complaint, and as stated in the Notice of Removal. Plaintiff is a resident of the Commonwealth of Pennsylvania. Thus diversity of citizenship exists.

The Complaint filed by Plaintiff includes and *ad damnum* clause demanding damages in excess of $50,000. Plaintiff's does not allege that her claim is worth less than the $75,000 federal court diversity jurisdictional limit. In fact, Plaintiff bristles at the current Arbitration classification, claiming in the Motion to Remand that the case has a value in excess of $150,000.

The case involves citizens of different states, and Plaintiff has argued that the case is worth in excess of the jurisdictional limit. Therefore, diversity jurisdiction exists here, in the United States District Court for the Eastern District of Pennsylvania.

While Plaintiff argues that Pennsylvania state courts have jurisdiction as well, that is irrelevant to the analysis of whether this Honorable Court has jurisdiction. Plaintiff has provided no legal basis for remand, and cited no case law or statute supporting the position that if the state court has jurisdiction, that it must primarily be litigated there.

**B.** **Removal Was Timely**

28 U.S.C. §1446(b) identifies the period of time during which a party can remove a case from state court to federal court. It provides:

> (b) Requirements; Generally.—
>
> (1) The notice of removal of a civil action or proceeding shall **be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading** setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is

9

>   not required to be served on the defendant,
>   whichever period is shorter.

The statute requires removal within thirty days of service of a "pleading." The Pennsylvania Rules of Civil Procedure define a pleading as "a complaint and an answer thereto." A writ of summons is not included in the definition of a pleading. A writ is insufficient to trigger the thirty day period of time for removal is well established.

This very issue has been addressed in multiple prior cases. In Century Indemnity Company v. URS Corporation, (E.D.Pa. July 23, 2008), Judge R. Barclay Surrick of the United States District Court for the Eastern District of Pennsylvania, stated the following:

> Under the Pennsylvania Rules of Civil Procedure, a plaintiff may initiate an action either by filing a complaint, or by filing a praecipe for a writ of summons. Pa. R. Civ. P. 1007. The Rules further provide that a writ of summons need only contain the names of the plaintiffs and defendants, the date of the writ, the county in which it was issued, and notice that an action has been commenced. Pa. R. Civ. P. 1351. Because it is possible for a plaintiff to commence an action in Pennsylvania without filing a formal complaint, federal courts in this jurisdiction have frequently had to address when a civil action in Pennsylvania courts may be properly removed to federal court. In Sikirica v. Nationwide Ins. Co., 416 F.3d 214 (3d Cir. 2005), the **Third Circuit held that a writ of summons was insufficient to support removal**, and that only the filing and serving of a complaint was sufficient to meet Section 1446(b)'s definition of an "initial pleading." Id. at 222-223. Following Sikirica, courts in this district have addressed several cases involving the proper timing of removal from Pennsylvania courts. See Polanco v. Coneqtec Universal, 474 F. Supp. 2d 735, 737 (E.D. Pa. 2007) **(thirty day removal period triggered by filing of complaint, not writ of summons)**; Lane v. CBS Broadcasting Inc., Civ. A. No. 08-0777, 2008 WL 910000 at *2-7 (E.D. Pa. Apr. 2, 2008) **(a praecipe for writ of summons served along with a detailed notice of discovery is not an initial pleading)**; Campbell v. Oxford Electronics,Inc., Civ. A. No. 07-0541, 2007 WL 2011484 at *1-2 (E.D.Pa. Jul. 5, 2007) **(civil cover sheet accompanying writ of summons not an initial complaint)**; Quigley Corp. v. Wachovia Ins. Services, Inc., Civ. A. No. 07-1343, 2007 WL 2031780 at *2-3 (E.D. Pa. Jul. 6, 2007) **(unfiled draft complaint proffered during settlement negotiations is not initial pleading)**.

10

Id. at 3-4.

Courts have repeatedly held that the period of time to remove a case begins upon service of the Complaint. According to Plaintiff's own recitation of the procedural history of the case, the Complaint was filed on August 9, 2017. The Notice of Removal was filed on August 29, 2017 – well within the thirty day period. As such, removal was proper and timely.

### C. Certification Issue

As per the removal process, Answering Defendant was required to indicate whether this case fell within the parameters of the Arbitration program (less than $150,000). Answering Defendant indicated that this matter belonged in the Arbitration program.

Plaintiff's counsel received notification and as appropriate, filed his own certification indicating that the case belongs in the Trial program, with a value in excess of $150,000. Plaintiff takes umbrage with the fact that this matter remains in the Arbitration program, and asks that it be transferred.

Plaintiff's counsel has not provided the undersigned, or this Court with any factual basis for the Court to conclude that the case has a value in excess of $150,000. No medical records have been produced and no information regarding economic damages identified that would justify the move. As such, Answering Defendant requests that this Honorable Court deny the request at this juncture.

### III.    Conclusion

Answering Defendant Starbucks Corporation respectfully requests that this Honorable Court deny Plaintiff's Motion to Remand to State Court.

                                              Respectfully submitted,

                                              CIPRIANI & WERNER, P.C.

                            By:    */s/Salvatore Vilardi*
                                         Salvatore Vilardi, Esquire
                                           PA ID# 84718
                                         450 Sentry Parkway, Suite 200
                                         Blue Bell, PA  19422
                                         (610) 567-0700 telephone
                                         (610) 567-0712 facsimile
                                         *Attorney for Defendant*
                                         *Starbucks Corporation*

Date: November 9, 2017

## CERTIFICATE OF SERVICE

That counsel for the Defendant, Starbucks Corporation hereby certifies that a true and correct copy of its *Response to Plaintiff's Motion to Remand to State Court* has been served on all counsel of record, by electronic and/or first class mail, postage pre-paid, according to the Pennsylvania Rules of Civil Procedure.

Christian J. Hoey, Esquire
Christian Hoey, Esquire, LLC
50 Darby Road
Paoli, PA  19301-1416

Respectfully submitted,

CIPRIANI & WERNER, P.C.

By:   */s/Salvatore Vilardi*
Salvatore Vilardi, Esquire
PA ID# 84718
450 Sentry Parkway, Suite 200
Blue Bell, PA  19422
(610) 567-0700 telephone
(610) 567-0712 facsimile
*Attorney for Defendant
Starbucks Corporation*

Date:   November 9, 2017