# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAREN MANERI, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| STARBUCKS CORPORATION, | : | No. 17-3881 |
|     Defendant. | : | |

## MEMORANDUM

**Schiller, J.**                                                                                                             **November 29, 2017**

      According to Karen Maneri, a routine trip to a Starbucks drive-thru window for a Venti hot tea ended in severe burns when the lid of the hot tea popped off, spilling the liquid onto her leg. Maneri sued Starbucks in the Philadelphia Court of Common Pleas, and Starbucks removed to this Court. Maneri now seeks to have her case remanded to state court, arguing that this Court lacks subject matter jurisdiction and that Starbucks failed to follow the proper procedure for removal. Because neither argument holds water, the Court will deny Maneri's motion to remand.

## I.     FACTUAL BACKGROUND

      On May 15, 2017, Maneri commenced this lawsuit in the Philadelphia County Court of Common Pleas by filing a writ of summons. (Pl.'s Mot. to Remand ¶ 1.) On or about June 2, 2017, Maneri served her writ of summons on the Starbucks corporate office in Washington. (*Id*. ¶ 2; Starbucks's Resp. to Pl.'s Mot. to Remand ¶ 2.) On or about June 14, 2017, Maneri served the writ of summons on the Starbucks shop at issue here. (Pl.'s Mot. to Remand ¶ 3.) Maneri filed her Complaint in the Philadelphia Court of Common Pleas on August 9, 2017. (*Id*. ¶ 4.) Starbucks removed to this Court on August 29, 2017, and argued that subject matter jurisdiction was proper

because the parties are diverse and the jurisdictional threshold is satisfied. (Starbucks's Resp. to Pl.'s Mot. to Remand ¶ 6.)

Maneri's allegations, which are not relevant to her motion to remand, are that she suffered injuries when the lid of her Venti hot tea popped off while she was driving, spilling the hot tea. (Compl. ¶¶ 9–11.) She has brought negligence, products liability, and breach of warranty claims.

## II.  DISCUSSION

A defendant may remove "any civil action . . . of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). This Court has subject matter jurisdiction over this matter if either a federal question is present or the case involves citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332(a) (diversity jurisdiction).

Plaintiff has raised three reasons to remand this matter. None of these reasons support remand.

### A.  Subject Matter Jurisdiction

Plaintiff argues that under Pennsylvania law, jurisdiction in the state courts of Pennsylvania is proper. Maneri asserts that "[b]y registering to do business in Pennsylvania, Starbucks Corporation purposely availed itself of the privilege of conducting activities within the Commonwealth of Pennsylvania, thus invoking the benefits and protections of its laws." (Mem. of Law in Supp. of Pl.'s Mot. to Remand This Matter to State Court at 2.) In her reply, Plaintiff makes another argument: that this Court lacks diversity jurisdiction because Maneri and Starbucks are both citizens of

Pennsylvania.

Maneri's argument conflates the concepts of personal and subject matter jurisdictions. Plaintiff is correct that the Philadelphia Court of Common Pleas is an appropriate venue for Maneri to sue Starbucks based on her allegations. That fact, however, is irrelevant to whether Starbucks could remove this case, and whether this Court has subject matter jurisdiction over this litigation. Rather, the relevant question here is whether this civil action is one over which the "district courts of the United States have original jurisdiction." *See* 28 U.S.C. § 1441(a).

Starbucks claims that removal is proper because this Court has original jurisdiction over this civil action because the parties are diverse and the jurisdictional threshold has been met. (Mem. of Law in Supp. of the Resp. of Starbucks to Pl.'s Mot. to Remand to State Court at 8–9.) Maneri counters that "there is no complete diversity as the Starbucks Corporation is a registered corporation in the Commonwealth of Pennsylvania, the same state in which Plaintiff resides. Because this matter lacks complete diversity, subject matter jurisdiction is not established and this matter must be remanded to State Court." (Supplemental Mem. of Law of Pl. in Supp. of Her Petition to Remand This Matter to State Court at 2.)

Plaintiff has not cited any cases to support her assertion that when a corporation registers to do business in a state or commonwealth, it becomes a citizen of that state or commonwealth. For the purposes of subject matter jurisdiction, Starbucks is a citizen of the state where it is incorporated and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Starbucks is a corporation organized and existing under the laws of the State of Washington; Starbucks also maintains its principal place of business in the State of Washington. *Starbucks Corp. v. Lundberg*, Civ. A. No. 02-948, 2005 WL 3183858, at *1 (D. Or. Nov. 29, 2005); *see also Starbucks Corp. v.*

3

*Wellshire Farms, Inc.*, Civ. A. No. 13-1170, 2013 WL 6729606, at *3 (W.D. Wash. Dec. 18, 2013) ("Starbucks . . . is a Washington corporation with its principal place of business in Seattle."). Starbucks's registering to do business in Pennsylvania so it can offer its pumpkin spice lattes, frappuccinos, and espresso macchiatos in Pennsylvania does not mean that its principal place of business is in this Commonwealth. *See Eckerle v. Deutsche Bank Nat'l Trust*, Civ. A. No. 10-474, 2010 WL 3984687, at *2 (D. Haw. Sept. 17, 2010) ("However, just because a corporation is registered to do business in a certain state does not make that state its 'principal place of business.'").

Maneri is a citizen of Pennsylvania, Starbucks is not. More than $75,000 is at stake. Therefore, this Court has diversity jurisdiction over this matter and this civil action is removable.

**B.     Removal Procedure**

Plaintiff also argues that Starbucks failed to follow the proper removal procedure and therefore the case must be remanded. Plaintiff is wrong.

Starbucks was required to file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

Maneri cites the correct statute but seems to argue that Starbucks was required to file its notice of removal within thirty days after Maneri filed a writ of summons. Some quick research would have revealed that filing a writ of summons is insufficient, by itself, to start the removal clock.

Pennsylvania permits a litigant to begin a case by filing a writ of summons. Pa. R. of Civ. P. 1007. While a writ of summons might commerce litigation in the Court of Common Pleas, the filing of a writ of summons does not obligate a defendant to remove within thirty days. A defendant must be served with process before the time to remove can begin. *Sikirica v. Nationwide Ins. Co.*,

4

416 F.3d 214, 223 (3d Cir. 2005). "Where, as here, defendants are served with a summons and the complaint is filed at a later date, the thirty day period commences from the time the defendants received a copy of the complaint." *Polanco v. Coneqtec Universal*, 474 F. Supp. 2d 735, 737 (E.D. Pa. 2007). A writ of summons, by itself, is insufficient to qualify as an initial pleading under the removal statute. *See Sikirica*, 416 F.3d at 222; *see also Aardvark Event Logistics v. Bobcar Media, LLC*, Civ. A. No. 16-5873, 2016 WL 7429187, at *2 (E.D. Pa. Dec. 21, 2016) ("The Court of Appeals has held that the term 'initial pleading' triggering the start of the thirty-day removal period in § 1446(b) refers to the complaint, as opposed to a summons or praecipe for writ of a summons.").

Maneri filed a writ of summons on May 15, 2007, and served that writ of summons on Starbucks on June 2, 2017. Plaintiff did not, however, file her Complaint until August 9, 2017. The filing of that Complaint started the removal clock. Prior to that, Starbucks would have no way of knowing it was faced with removable litigation simply because it was served with a writ of summons. Accordingly, Starbucks complied with the removal procedure set forth in the statute.

## III. CONCLUSION

This Court has subject matter jurisdiction because Maneri is completely diverse from Starbucks. Additionally, Starbucks properly removed this case when it did so within thirty days of service of Maneri's Complaint. Plaintiff's motion to remand is denied. An Order consistent with this Memorandum will be docketed separately.