## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREN MANERI | : |
| | :    NO:  2:17-cv-03881 |
|      Plaintiff | : |
| | : |
|    v. | : |
| | : |
| STARBUCKS CORPORATION | : |
| | : |
|      Defendants | : |

## DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE
## PLAINTIFF FROM INTRODUCING ANY EVIDENCE OR
## TESTIMONY REGARDING PLAINTIFF'S FUTURE MEDICAL EXPENSES

Defendant Starbucks Corporation (hereafter referred to as "Moving Defendant"), by and through its counsel, Cipriani & Werner, P.C., and Salvatore Vilardi, Esquire, hereby files this Motion *in Limine* to Preclude Plaintiff from Introducing Any Evidence/Testimony Regarding Future Medical Expenses, and, in support thereof, states the following:

I.      **FACTS**

     A.      **Procedural History**

1.      Plaintiff, Karen Maneri, filed a Civil Action Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania, on August 9, 2017.  A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit "A."

2.      In her Complaint, Plaintiff alleges that on or about January 8, 2017, Plaintiff purchased tea at the Starbucks located 851 West Lancaster Road in Devon, Pennsylvania, via the drive through window.  See Exhibit "A," ¶ 7.

3.      Plaintiff ordered a "Venti" (20 oz.) hot tea for herself, received the beverage from the barista, and placed the beverage in the cup holder in the center console of her vehicle.  See Exhibit "A," ¶¶ 8, 10.

4.      Plaintiff alleges that she then drove home from the Starbucks, which was approximately a four minute drive.  See Exhibit "A," ¶ 11.

5.      Plaintiff avers that at some point during her trip home, the lid of her tea "unexpectedly and without notice or warning, popped off" causing her tea to spill on her right calf, resulting in a burn.  See Exhibit "A," ¶ 11.

6.      Plaintiff alleges that Starbucks was negligent in failing to ensure that the lid was securely affixed to her cup prior to delivering the product to her.  See Exhibit "A."

7.      As a result of the incident, Plaintiff sustained a burn on her right calf.  See Exhibit "A," ¶ 18.

8.      Plaintiff was deposed in this case on April 27, 2018.  A true and correct copy of the relevant portions of Plaintiff's Deposition Transcript is attached hereto as Exhibit "B."

9.      During her deposition, Plaintiff testified that she *may* continue to treat for her injury in the future.  See Exhibit "B." (Emphasis added).

10.      However, Plaintiff did not provide any specific plans for further treatment.  Id.

11.      In preparation for this trial, Plaintiff underwent a medical evaluation by her expert, Carl H. Manstein, M.D.  A true and correct copy of Carl H. Manstein, M.D.'s expert report is attached hereto as Exhibit "C."

12.      Dr. Manstein's expert report includes information pertaining to an elective surgical procedure, generating a cost analysis of the *possible* treatment which *could* be rendered. See Exhibit "C."  (Emphasis added).

13. However, Plaintiff has never testified that she has plans to undergo future medical treatment, but instead notes that she is not certain what her options are for the future. <u>See</u> Exhibit "B."

14. As the possibility of future medical treatment is uncertain, and the surgical procedures and projected costs that Dr. Manstein noted in his expert report are speculative, Plaintiff is precluded from providing any testimony or evidence pertaining to future medical expenses.

**WHEREFORE**, Moving Defendants respectfully request that this Honorable Court enter an Order precluding Plaintiff from introducing any evidence of future medical expenses.

Respectfully submitted,

CIPRIANI & WERNER, P.C.

By:     */s/ Salvatore A. Vilardi*
Salvatore Vilardi, Esquire
PA ID# 84718
Danielle Van Buren, Esquire
PA ID# 325776
450 Sentry Parkway, Suite 200
Blue Bell, PA  19422
(610) 567-0700 telephone
(610) 567-0712 facsimile
*Attorneys for Defendant*
*Starbucks Corporation*

Date:   October 18, 2019