IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAREN MANERI | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | No. 2:17-cv-03881 |
| | : | |
| v. | : | |
| | : | |
| STARBUCKS CORPORATION | : | |
| Defendant | : | |

## REPLY OF PLAINTIFF, KAREN MANERI TO THE DEFENDANT'S MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM INTRODUCING EVIDENCE OF FUTURE MEDICAL EXPENSES AT TRIAL

Plaintiff, Karen Maneri, by and through counsel, Christian Hoey, Esquire, LLC, files the within Reply to the Defendant's Motion in Limine to Preclude evidence of Plaintiff's Future Medical Expenses and in support thereof, avers as follows:

1.      Admitted. (Attached hereto is a copy of Plaintiff's Complaint marked as Exhibit "A").

2-7.      Denied as stated. Plaintiff's Complaint is attached hereto as Exhibit "A", is incorporated herein, and speaks for itself. To the extent that the averments in Paragraph Two (2) differ from or vary from said Complaint, said averments are specifically denied.

8.      Admitted. (Attached hereto as Exhibit "B" is a true and correct copy of Plaintiff's deposition transcript).

9-10.      Denied. It is specifically denied that Plaintiff did not outline or discuss current and future medical care plans at her deposition. To the contrary, she offered the following testimony on April 27, 2018 regarding her use of medication related to pain emanating from her severe burn and scarring:

Q:      When was the last time it was bad enough that you took medication?

A:      I mean, I feel it everyday.  I mean, couple of days ago I probably took something because it was - - I remember couple of days ago for some - - whatever reason, it was really hurting me.  And, again, I don't know.  I can't connect it why the pain other than that I have been told it's the nerves - - nerve damage.  But I don't - - I don't – can't connect it to an activity.

(Please see Exhibit "B" at p. 72).

Additionally, Ms. Maneri testified on April 27, 2018 that she regularly visits her dermatologist who examines her leg and related scarring.  (Please see Exhibit "B" at pp. 72-74).

Finally, regarding laser corrective surgery, the exact surgery identified by Plaintiff's expert, Dr. Manstein, Ms. Maneri offered the following testimony:

Q:      Okay.  Did the plastic surgeon indicate that there's any possible treatment to ameliorate the appearance?

A:      He - he wasn't sure, depending on where you end up with the healing, but the only possible - possibility was this laser specialist.  Laser would be the only possibility and I went to see him.

Q:      Okay.  And how was that?

A:      I don't remember his name.

Q:      Do you remember where he was or the facility?

A:      Ardmore.

Q:      Okay.

A:      Main Line Laser, maybe.  Maybe it was called Main Line Laser.

Q:      Okay.

A:      And he wasn't very promising.  He wasn't very hopeful that there was anything that could be done.  But at the time also he said it wasn't anywhere near healed enough to even consider doing it anything, so . . .

Q:      Do you remember that last time you saw him was?

A:      In the fall.

Q:      Of?

A:      Recent fall.

Q:      2017?

A:      Yes.

Q:      You haven't been back to him since?

A:      No.

Q:      Any plans to go back to him?

A:      Possibly.

(Please see Exhibit "B" at pp. 69-70).

It is now October, 2019, nearly a year and a half after the April 27, 2018 deposition of Ms. Maneri. (Attached hereto as Exhibit "C" is the expert report of Carl H. Manstein, M.D. - June 15, 2019). Therein, Dr. Manstein outlines the future care necessary to improve upon the burn and related scarring. Therein, he outlines a course of treatment that is available to the Plaintiff should she wish to pursue same. (Please see Exhibit "C" at p. 2). Plaintiff's testimony is certainly beyond "speculative" regarding future medical treatment. Clearly, it is necessary. (Please see photographs of leg scarring attached hereto as Exhibit "D"). As noted above, it has been a year and a half since Plaintiff's deposition and her desire to pursue future medical treatment is her decision alone. It is expected she will offer testimony at trial indicating that she intends to pursue the course of treatment outlined by Dr. Manstein in his June, 2019 expert report.

11-14. Denied. Plaintiff indicated that she would undergo future surgical revision and laser treatment as outlined by Dr. Manstein. Importantly, Ms. Maneri testified in April, 2018 that she routinely visits her dermatologist who cares for and treats her scarring and she continues to use medication to resolve pain related to the scarring. (Please see deposition testimony set forth above - Exhibit "B").

It is well-settled that "an item of damage claimed by a Plaintiff can properly be submitted to the jury where the burden of establishing damages by proper testimony has been met". *Cohen vs. Albert Einstein Medical Center*, 592 A.2d 720 (1991). In the context of the claim for future medical expenses, Plaintiff must simply prove, **by expert testimony**, not only the future medical expenses will be incurred, but also the reasonable estimated costs of such services. *Id*. *See also, Berman vs. Philadelphia Board of Education*, 456 A.2d 545, 550-551 (1983). Because the estimated costs of future medical services is not within the layperson's general knowledge, the requirement of such

3

testimony eliminates the prospect that the jury's award will be speculative. *Cohen*, 592 A.2d at 729.

Plaintiff, at her deposition eighteen (18) months ago, testified that she is actively being treated for her burn and scarring with medication and regular visits to her dermatologist. Importantly, she testified at that deposition that her healing was progressing and the possibility of future medical treatment would be considered based upon the extent to which she continued to heal. As late as June, 2019, Ms. Maneri was seen by a plastic surgeon, Carl H. Manstein, M.D., who recommended future surgery, described said future surgery, and created cost estimates for said future surgery within his expert report. Clearly, and unequivocally, Plaintiff has met the necessary burden to present said evidence at the time of trial.

WHEREFORE, Plaintiff respectfully requests this Honorable Court deny the Defendant's Motion to Preclude Future Medical Expenses at the time of Trial.

Respectfully Submitted:

Date: 10-25-19

CHRISTIAN J. HOEY, ESQUIRE
Attorney for Plaintiff,
Karen Maneri